

**SIGNED this 02 day of July, 2007.**

                                                                           R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                                                            No. 07-10054
                                                                                                        Chapter 11
RACHEL M. GREGG,

              Debtor(s).

Appearances:       Heather H. Sveadas, Chambliss, Bahner & Stophel, P.C., Chattanooga, Tennessee, Attorney for Southern Adventist University

                          David J. Fulton, Wooden Fulton & Scarborough, P.C., Chattanooga, Tennessee, Attorney for the Debtor

The Honorable R. Thomas Stinnett
United States Bankruptcy Judge

## **MEMORANDUM**

This matter is before the court on the motion by Southern Adventist University (hereinafter "SAU") for relief from the automatic stay provisions of 11 U.S.C. § 362(a)[1], and

---

[1]The motion filed by SAU also requested relief pursuant to 11 U.S.C. § 1301. However, since the debtor's bankruptcy petition was filed pursuant to Chapter 11 of Title

the response thereto by the debtor. A hearing was conducted on May 3, 2007, and the parties were afforded additional time within which to submit briefs. After hearing argument of counsel and having reviewed the motion by SAU, the response by the debtor, and the briefs of the parties, as well as having reviewed the record as a whole, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

The debtor filed a petition for relief in bankruptcy pursuant to Chapter 11 of Title 11 of the United States Code on January 5, 2007. On May 3, 2006, prior to the filing of the debtor's petition, the Circuit Court of Hamilton County, Tennessee, entered a judgment against the debtor in favor of SAU in the amount of $33,083.07 in an action initiated by SAU for breach of a lease agreement. The judgment was recorded as a lien in the Hamilton County Register of Deeds' office. SAU filed a proof of claim in the debtor's case for $35,288.61, which includes post-judgment interest of $2,205.54. Currently pending in the Circuit Court of Hamilton County is a personal injury lawsuit initiated by the debtor against SAU on December 29, 2005, for injuries she sustained in a fall on property owned by SAU. The record does not reflect, nor did counsel for the parties know, the amount of damages sought by the debtor in her personal injury action against SAU. In its request for automatic stay relief, SAU asserts that it should be allowed to setoff any monetary judgment amounts awarded in favor of the debtor in the pending tort lawsuit against the judgment lien amount set forth in SAU's proof of claim. The debtor opposes the motion on the grounds that the personal injury litigation has not been decided so there

---

11 of the United States Code, the relief requested under Chapter 13 is inapplicable and will be denied.

is no debt owed by SAU to the debtor; that the obligations between the parties lack mutuality, having had their origins in different causes of action, i.e., tort and contract; and that a determination by the Circuit Court that SAU is liable to the debtor for the personal injury claim will constitute a post-petition debt which cannot be offset against the judgment lien debt that arose pre-petition. The debtor also asserts that the award of damages, if any, in the personal injury lawsuit constitutes exempt property against which an offset is not permitted under Tennessee law.

### Jurisdiction

Jurisdiction is predicated on 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

### Conclusions of Law

The provisions of 11 U.S.C. § 553 govern the setoff rights of the parties. The pertinent portion of that section states:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, . . ..

The setoff provision of the Code requires the following: a debt owed by the creditor to the debtor, and a claim of the creditor against the debtor, both of which arose prior to the filing of the bankruptcy case (timing); and that the debt and the claim be mutual obligations (mutuality). The creditor has the burden of proof of entitlement to setoff. *Waste Management of Tennessee, Inc. v. Barry Parker's, Inc. (In re Barry P. Parker's, Inc.), 33 B.R. 115, 117 (D. C. Tenn. 1983); Waldschmidt v. Columbia Gulf Transmission Co. (In re*

*Fulghum Const. Corp.)*, 23 B.R. 147, 151 (Bankr. M.D. Tenn. 1982); *Third National Bank v. Carpenter*, 13 B.R. 405, 408 (Bankr. M.D. Tenn. 1981).

With respect to the element of timing, the claims must both have arisen "before the commencement of the case under this title." *See also Borkman v. U.S. Pipe and Foundry (In re Borkman)*, 17 B.R. 710, 711 (Bankr. E.D. Tenn. 1982). In this case, the lawsuit by SAU against the debtor for breach of the lease agreement, and the lawsuit by the debtor against SAU for the tort liability, were initiated pre-petition for causes of action or claims that also arose pre-petition. However, the debtor argues that an award of damages, if any, by the state court in the pending tort litigation will create a post-petition claim or debt which renders the claim or debt ineligible for setoff under 11 U.S.C. § 553. A review of the definitions of "claim" and "debt" within the Code reveals how broadly defined these terms are: § 101(11) defines "debt" as a "liability on a claim;" and § 101(4)(A) defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, continent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." The debtor owes SAU a right to payment which has been reduced to a judgment in favor of SAU, pre-petition. She, in turn, has a disputed claim against SAU for personal injuries sustained on SAU's property. Both causes of action arose prior to commencement of the debtor's petition. In *Roach v. Edge (In re Edge)*, 60 B.R. 690 (Bankr.M.D. Tenn. 1986), Judge Lundin observed that "[t]he policies that guide interpretation of the Bankruptcy Code are served by the conclusion that *a claim arises at the time of the negligent act*, notwithstanding that access to other courts or the running of a statute of limitation may be timed from some other point in the relationship between tortfeasor and victim. *Edge*, 60 B.R. at 701(emphasis added). In *Edge*, the debtor-dentist

negligently treated a patient who failed to discover the injury until four months after the debtor's bankruptcy petition had been filed. The patient filed suit in state court and requested a ruling from the bankruptcy court that the dental malpractice claim was a post-petition claim not subject to the automatic stay. In response, the debtor asserted that the claim arose pre-petititon when the alleged negligent act occurred. *Id.* at 691. In a well-reasoned and thorough opinion, Judge Lundin determined that, for purposes of the Bankruptcy Code's definition of a claim, the victim's right of payment for the debtor's pre-petition misconduct occurred "at the earliest point in the relationship between victim and wrongdoer. Though this right to payment may not be manifested as a right of access to other courts and though it be unmatured and contingent, it is a charge upon the wrongdoer and a demand inherent in the victim from the moment of the wrongful act." *Id.* at 699. Accordingly, although the debtor's claim against SAU in this case is contingent and unliquidated, the cause of action giving rise to the claim occurred pre-petition. This, not the award of damages, if any, determines whether the amount sought to be offset is a pre- or post-petition debt. Accordingly, in this case, the element of timing set forth in 11 U.S.C. § 553 has been satisfied.

The next element to be satisfied is mutuality, which is not defined by the Code. According to the debtor, the claims lack mutuality because one sounds in contract and the other sounds in tort. "Mutuality of obligations means that the obligations must be between the same parties, . . . and must be 'owing to and due in the same rights and capacity.'" *Waldschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Construction Corp.)*, 23 B. R. 147, 151-52 (Bankr. M,D. Tenn. 1982). In this case, the parties in question with respect to the contract and the tort actions are the debtor and SAU. No other parties

are before the court with respect to either claim. As such, the obligations are "between the same parties." Mutuality also requires that "something must be 'owed' by both sides." *Camelback Hospital, Inc., v. Buckenmaier (In re Buckenmaier)*, 127 B.R. 233, 238 (9th Cir. BAP 1991)(*citing 4 Collier on Bankruptcy*, §§ 553.04, 553.18 (15th ed. 1990)). *See also Borkman v. U.S. Pipe and Foundry Co., (In re Borkman)*, 17 B.R. 710, 711 (Bankr. E.D. Tenn. 1982). However, "it is established that the two debts need not arise from the same transaction or be of the same character. . . Thus, tort claims may be setoff against contractual ones which arise from totally different transactions and incidents." *Buckenmaier, at 238.* (*citing In re Diplomat Electric, Inc.*, 499 F.2d 342 (5th Cir.1974)(defamation judgment and unrelated contractual debt); *In re Barry P. Parker's, Inc.,* 33 B.R. 115 (M.D.Tenn. 1983)(negligence claim from traffic accident and unrelated service contract debt); 4 Collier on Bankruptcy, §§ 553.04, 553.19 (15th ed. 1990)). In *In re Barry P. Parker's, Inc.,* the debtor asserted that a truck driven by a Waste Management employee struck and damaged an air conditioning unit owned by the debtor. When Waste Management refused to admit or accept responsibility for the damage, the debtor refused to honor its contractual obligation to pay $1,660.00 for services rendered by Waste Management. The debtor's insurance carrier paid for the air conditioning unit, and shortly thereafter, the debtor filed a Chapter 11 bankruptcy petition. The debtor scheduled Waste Management as an unsecured creditor for $1,660.00, and noted its claim against Waste Management as offset and contingent. The debtor's insurance carrier obtained a default judgment in a state court proceeding in the debtor's name against Waste Management for the damage to the unit, which was appealed. Waste Management, in turn, filed an adversary proceeding against the debtor to obtain relief from the stay to proceed in state

court as well for its $1,660.00 counterclaim as a setoff to the debtor's claim for damages. The bankruptcy court granted relief from the automatic stay to Waste Management to permit it to assert its counterclaim to setoff any liability it might incur in the debtor's state court action against it. *Id.* at 118. As stated by the court, the fact that the pre-petition judgment was in contract whereas the debtor's cause of action was a tort claim ". . . has no effect on the right to setoff since mutuality does not require a similarity of obligations." *Id.* at 117-18 (*citing In the Matter of Diplomat Electric, Inc.*, 362 F. Supp. 1163, 1165 (S.D.Fla. 1973), *aff'd sub nom. Miller v. Westinghouse Electric Supply Co.*, 499 F.2d 342, 346-47 (5th Cir. 1974); *New York Credit Men's Adjustment Bureau v. Bruno-New York, Inc.*, 120 F. Supp. 495, 497-98 (S.D.N.Y.1954); *In re Manneschmidt*, 202 F. 815, 815-16 (E.D.N.Y.1913); *Seidle v. Turner (In re 18th Avenue Development Corp.),* 12 B.R. 10, 11 (Bankr. S.D. Fla. 1981); *In re Doctors Hospital, Inc.,* 6 B.R. 390, 395 (Bankr. D.C. 1980); 4 Collier on Bankruptcy ¶ 553.04, at 553-32 to 553-34 (15th ed. 1982). The court finds the analysis of *In re: Barry P. Parker's Inc.*, persuasive.

In defense against the motion for relief from stay, the debtor also states that Tennessee law prohibits the right of setoff, for equitable purposes, when the application of that right works an injustice against or impairs the equitable rights of third parties. In support of this proposition, the debtor cites *Auton's Fine Jewelry & Bridal Center, Inc. v. Beckner's, Inc.,* 707 S.W.2d 539 (Tenn.Ct.App. 1986). In *Beckner's*, two retail jewelry stores exchanged merchandise on open account. One store, Clifton's, eventually became insolvent and the Bank of Commerce and other secured creditors commenced foreclosure on the merchandise and accounts receivable against which they held valid liens. Auton's purchased the accounts receivable at foreclosure and commenced an action against

7

Beckner's for a receivable account from Beckner's in the amount of $1,134.98. Clifton's also owed Beckner's $1,733.05. In its defense and counter-claim against Auton's, Beckner's claimed a setoff based upon the $1,733.05 debt. The trial court refused to allow the setoff and entered judgment for Auton's for $1,334.98. In affirming the trial court's ruling, the court of appeals noted that "[e]ssential to establishing a right of set-off, are the requirements that the demands be mutual and subsisting between the same parties and that the demands be of the same grade and nature or be due in the same capacity or right. *Edington v. Pickle,* 33 Tenn. (1 Sneed) 122 (1853); 80 C.J.S., Set-off and Counterclaim, § 48(a)(2)." *Beckner's*, 707 S.W.2d at 540. Pursuant to Tenn. Code Ann. § 47-1-201(34), all of Clifton's rights to the account receivable were transferred to Auton's, which was an innocent, good faith purchaser of the collateral. Therefore, the demand was no longer of the same grade or nature, or asserted in the same capacity or right, and mutuality was extinguished. *Id.* Without mutuality, there is no basis for equitable relief. *Id.* The debtor argues that all other unsecured creditors in the debtor's case are third parties whose equitable rights to disbursements from the estate assets will be impaired or destroyed if SAU is permitted to exercise its setoff rights with respect to the results of the pending lawsuit. The court notes, however, that the action by the *Beckner's* plaintiff in purchasing the account receivable at foreclosure operated to extinguish the original mutuality that existed between Beckner's and Clifton's, and, as observed by the Tennessee Court of Appeals, without mutuality there is no basis for equitable relief. In this case, mutuality between the debtor and SAU remains intact. Furthermore, the unsecured creditors in this debtor's case are entitled to no greater protection than that afforded the creditors of any other bankruptcy case wherein rights of setoff between the debtor and one creditor operate

to reduce the assets available for distribution to all other unsecured creditors.

The debtor also argues that creditors are not permitted rights of setoff in property that has been claimed as exempt by the debtor. The debtor argues that she is entitled to an exemption in proceeds awarded in a personal injury lawsuit, citing Tenn. Code Ann. § 26-2-111,[2] and *Commerce Union Bank v. Haffner (In re: Haffner)*, 12 B.R. 371 (Bankr. M.D. Tenn. 1981). In *Haffner,* the court held that ". . .a creditor may not exercise a right of setoff against property exempted from the estate pursuant to 11 U.S.C. § 522(b)." *Haffner*, 12 B.R. at 373. Therefore, the debtors in *Haffner* having claimed an exemption on Schedule B-4 of their bankruptcy petition in the proceeds of a certificate of deposit held by the creditor bank, the bank was not entitled to set off its obligation to the debtors against

---

[2]The relevant portion of the Tennessee exemption statue provides:

**26-2-111. Miscellaneous exemptions**

In addition to the property exempt under § 26-2-103, the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:

. . . .

(2) The debtor's right not to exceed in the aggregate fifteen thousand dollars ($15,000) to receive or [sic] property that is traceable to:

. . . .

(B) A payment, not to exceed seven thousand five hundred dollars ($7,500) on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent. . .

(3) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor any dependent of the debtor;

Tenn. Code Ann. § 26-2-111(2)(B), (3).

the unpaid balance of the debtors' obligation to the bank. *Id.* In a case not cited by the debtor but that specifically addresses the extent of the debtor's exemptions in personal injury proceeds under Tenn. Code Ann. § 26-2-111, Judge Bare compared the provisions of Tenn. Code Ann. § 26-2-111(2)(B) and (3) with the federal exemption statute of 11 U.S.C. § 522(d)(11)(D) in an attempt to determine what portion of the state court judgment rendered as a general verdict could be claimed exempt by the debtor. *In re Haga*, 48 B.R. 492, 495 (Bankr. E.D.Tenn. 1985). While Judge Bare's analysis is instructive for the purpose of determining the extent to which proceeds from a personal injury lawsuit may be claimed exempt under Tenn. Code Ann. § 26-2-111, unlike the debtor in *In re Haga*, the Schedule of Exempt Property filed by the debtor in this case does not assert an exemption in any of the proceeds from the pending personal injury lawsuit against SAU. As such, there exists no limitation upon the rights of SAU to offset its pre-petition judgment claim against the personal injury damage award, if any, by the state court, against SAU, and accordingly, no bar to the relief from the automatic stay requested by SAU to exercise its right of setoff.

Accordingly, the court will enter a separate order granting the motion by SAU for relief from the automatic stay of 11 U.S.C. § 362 to setoff any amounts awarded in the debtor's state court action against the judgment lien amount set forth in SAU's proof of claim.

# # #